IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**GUY CHRISTOPHER MANNINO**                        **PETITIONER**

No. 2:25-cv-00010 JM/PSH

**CHAD GARRETT, WARDEN**[1]                              **RESPONDENT**

**PROPOSED FINDINGS AND RECOMMENDATION**

**INSTRUCTIONS**

The following Proposed Recommendation has been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

**DISPOSITION**

Petitioner Guy Christopher Mannino ("Mannino") filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on January 16, 2025. Doc. No. 1.

---

[1] The Clerk is directed to substitute Francene Helaire, Acting Warden, Forrest City Correctional Institution as the respondent. Fed. R. Civ. P. 25(d).

Mannino does not challenge his 2015 and 2016 convictions for which he was sentenced in the United States District Court for the District of Alaska. *See* Doc. Nos. 5-1 & 5-2. Instead, he claims the Bureau of Prisons ("BOP") incorrectly calculates his credits (Earned Timed Credits, or "ETC"s) under the First Step Act ("FSA") because his offenses were improperly deemed to be violent. These errors, according to Mannino, have resulted in the assignment of a Public Safety Factor ("PSF") which affects his ability to participate in programming and receive reentry assistance. For relief, Mannino asks this Court to "order the Bureau of Prisons to remove any status of 'violence' from Petitioner." Doc. No. 1, page 8.

In her response, Francene Helaire ("Helaire") maintains dismissal of the petition is proper because this Court does not have subject matter jurisdiction. This is so, according to Helaire, because Mannino's claims do not attack the validity of his convictions or implicate the *duration* of his confinement. Instead, Mannino would, at best, receive a change in the *location* of his confinement. Underlying Helaire's assertion of lack of jurisdiction is her claim that Mannino has earned, and been awarded, at least 365 days' worth of FSA time credits, 365 days' worth of such credits being the maximum number of credits that can be applied toward his early release to a term of supervised release. *See* 18 U.S.C. 3624(g)(3). Helaire submits an FSA Time Credit Assessment showing Mannino's projected release date of

October 17, 2029, which takes into account his 365 days of FSA credits. Doc. No. 5-3, page 1 ("FTC Towards Release.: 365" and "Apply FTC to Release: Yes").

Mannino's primary claim, absent a challenge to the validity of his conviction or the duration on his confinement, is that his PSF is incorrect, resulting in limited access to certain programs and his opportunity to re-entry assistance. Doc. No. 1, page 7. In essence, his claim is therefore a request for "sooner placement in prerelease custody-that is, a change in his *conditions* of confinement, not a change in the *fact* or *duration* of confinement," and a habeas corpus petition "cannot be used to pursue such a claim." See *Henderson v. Eischen*, No. 23-cv-2250-PJS-TNL, 2024 WL 4678496, 2 (D. Minn. Nov. 5, 2024) (emphasis in original). *See also Fongers v. Garrett,* No. 2:24-cv-00046-LPR-PSH, 2024 WL 3625237 (E.D. Ark. Aug. 1, 2024), report and recommendation adopted, No. 2:24-cv-00046-LPR, 2024 WL 4652193 (E.D. Ark. Nov. 1, 2024). This claim is akin to challenging a BOP classification decision, which might influence where an inmate serves his sentence but would not affect the duration of the sentence. *See Vaughan v. Hendrix*, 2019 WL 4412290 (E.D. Ark. Aug. 20, 2019) ("Even if Vaughan were successful in removing his "Greatest Severity" PSF and obtaining a more favorable classification, it would not impact the *duration* of his confinement."); *Cottman v. Fikes*, 2023 WL 2482878 (D. C. Minn. Feb. 21, 2023) (challenge to Greatest Severity PSF does not concern inmate's fact or duration of his confinement); and

*Garner v. Stalhood*, 2025 WL 849998 (E.D. Ark. Feb. 28, 2025) (removal of inmate's PSF sex offender label would not impact the duration of his confinement).

The undersigned is mindful that the Eighth Circuit has instructed that, where a *pro se* prisoner has improperly raised "potentially viable" condition-of-confinement claims in a habeas action, the Court must liberally construe the filing and "recharacterize [the] claim into the correct procedural vehicle" instead of dismissing for lack of jurisdiction. *Spencer v. Haynes*, 774 F.3d 467, 471 (8th Cir. 2014). Before recharacterizing such claims, however, the Court should "first obtain the consent of the *pro se* individual." *Id.*

Even before obtaining the consent of the *pro se* litigant it is first necessary to consider if the claim being raised is "potentially viable." Here, it is not. Mannino's PSF classification does not amount to a viable condition-of-confinement claim. Inmates have no protected liberty interest in a PSF classification or in an assignment to confinement in a particular location. The *Vaughan* opinion ably summarizes this proposition, as well as highlighting the possible downside to converting this case to a civil rights proceeding:

> The Court has considered whether Vaughan's challenge to his PSF designation states a "potentially viable" conditions of confinement claim under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). *See Spencer*, 774 F.3d at 469-70 (8th Cir. 2014) (when a habeas petition asserts conditions of confinement claims that are not cognizable in habeas, before dismissing the petition, the court should consider whether a petitioner raises a "potentially viable" constitutional

> claim and, if so, offer petitioner the opportunity to recharacterize the claim and to convert the action into a civil rights action).
>
> Because Vaughan's challenge to his PSF designation does not constitute a potentially viable due process claim, it would be futile to offer Vaughan the opportunity to convert this case into a *Bivens* action. It would also impose a heavy and unnecessary financial burden on Vaughan, who would be required to pay the $350 civil filing fee required under the Prison Litigation Reform Act, 28 U.S.C. § 1915(b), rather than the $5.00 filing fee for a § 2241 habeas action. *See Moody v. Daggett,* 429 U.S. 78, 88 n. 9, 97 S. Ct. 274 (1976) (Generally, prisoners have no constitutionally protected liberty interest in their placement and classification while incarcerated). Numerous courts have rejected similar constitutional challenges to the BOP's PSF classification decisions. *Wilks v. Mundt*, 25 Fed. Appx. 492, 2002 WL 113837 (8th. Cir. 2002) (§ 2241 habeas petitioner's claim that BOP wrongfully refused to remove a Sex Offender PSF designation, thus making him ineligible to participate in a drug treatment program that could have resulted in his early release, "failed to implicate a protected liberty interest upon which he could base his procedural due process claim") (unpublished decision); *Marti v. Nash*, 227 Fed. Appx. 148, 150 (3rd Cir. 2007) (federal prisoner's challenge to his "Greatest Severity" PSF failed because had no due process right to any particular security classification) (unpublished decision); *Day v. United States Dep't of Justice*, 275 Fed. Appx. 90, 91 (3rd Cir. 2007) (district court did not err in rejecting federal prisoner's claim that assignment of PSF deprived him of liberty without due process: "[prisoner] had no liberty interest in the degree of his confinement") (unpublished decision).

2019 WL 4412290, at *2 (E.D. Ark. Aug. 20, 2019), *report and recommendation adopted as modified*, No. 2:19-CV-46-DPM, 2019 WL 4411960 (E.D. Ark. Sept. 13, 2019).

In conclusion, the Court lacks jurisdiction to consider Mannino's claims. It is not appropriate to offer Mannino the opportunity to convert this case into a *Bivens*

civil rights lawsuit. As a result, it is recommended that the case be dismissed without prejudice.

    IT IS SO ORDERED this 9th day of April, 2025.

_____
UNITED STATES MAGISTRATE JUDGE